IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Arthur Gottlieb, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   3:10-cv-00538-DRH-CJP |
| Asset Acceptance, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Arthur Gottlieb, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) Defendant resides and transacts business here.

### PARTIES

3.   Plaintiff, Arthur Gottlieb ("Gottlieb"), is a citizen of the State of Illinois, residing in the Southern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt which was allegedly owed originally to GE Money Bank ("GEMB"), but is now allegedly owed to a bad debt buyer, Asset Acceptance. These

collection actions took place despite the fact that he had told Defendant that he refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Asset operates a nationwide delinquent debt collection business from its offices in nine different states, including a call center in Chicago, Illinois, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, see, printout from Asset's web site, attached as Exhibit A.  In fact, Defendant Asset was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Asset is licensed to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit B.  In fact, Defendant Asset Acceptance conducts extensive and substantial business in Illinois by collecting delinquent consumer debts from thousands of Illinois consumers via collection letters sent to Illinois, through collection phone calls made from its Illinois' call center and through thousands of collection lawsuits it files in Illinois' court system.

6. Defendant Asset is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as

Exhibit C.  In fact, Defendant Asset Acceptance acts as a collection agency in Illinois.

7.      Defendant Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar.

## FACTUAL ALLEGATIONS

8.      Mr. Gottlieb is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed to GEMB.  Mr. Gottlieb stopped paying the GEMB debt because he felt he had been defrauded as to the transaction that created the debt.  At some point in time thereafter, Defendant Asset Acceptance bought Mr. Gottlieb's debt after it became delinquent, and when Asset Acceptance began trying to collect the GEMB/Asset debt from Mr. Gottlieb, by sending him an initial collection letter, dated March 31, 2010, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant's collection actions.  A copy of this collection letter is attached as Exhibit D.

9.      Accordingly, on April 19, 2010, one of Mr. Gottlieb's attorneys at LASPD informed Defendant Asset, in writing, that Mr. Gottlieb was represented by counsel, and directed Asset to cease contacting him and to cease all further collection activities because Mr. Gottlieb was forced, by his financial circumstances, to refuse to pay his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit E.

10.     Nonetheless, despite being advised that Mr. Gottlieb was represented by counsel and refused to pay the debt, Defendant Asset called Mr. Gottlieb several times to demand that he pay the GEMB/Asset debt, including, but not limited to, telephone calls on April 27, 2010 and April 28, 2010.

11. Defendant Asset's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Asset's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Gottlieb's agent, LASPD, told Defendant to cease communications and to cease collections (Exhibit E).  By continuing to communicate regarding this debt and demanding payment, Defendant Asset violated § 1692c(c) of the FDCPA.

16. Defendant Asset's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

19.	Defendant Asset knew, or readily could have known, that Mr. Gottlieb was represented by counsel in connection with his debts because his attorneys at LASPD had informed Asset, in writing (Exhibit <u>E</u>), that Mr. Gottlieb was represented by counsel, and had demanded a cessation of communications with him.  Thus, by calling Mr. Gottlieb, Defendant Asset violated § 1692c(a)(2) of the FDCPA.

20.	Defendant Asset's violations of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Arthur Gottlieb, prays that this Court:

1.	Find that Defendant's debt collection actions violated the FDCPA;

2.	Enter judgment in favor of Plaintiff Gottlieb, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.	Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Arthur Gottlieb, demands trial by jury.

Arthur Gottlieb,

By: <u>/s/ David J. Philipps</u>
One of Plaintiff's Attorneys

Dated:  July 20, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com